IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE UNITED STATES OF AMERICAN
ex rel through relator CANDI SIBLEY, RN, BSN                    PLAINTIFFS

v.                                              CIVIL ACTION NO. 4:17CV53-GHD-RP

DELTA REGIONAL MEDICAL CENTER                                    DEFENDANT

## ORDER GRANTING MOTION TO WITHDRAW

Defendant Delta Regional Medical Center (hereinafter "DRMC") seeks a stay of discovery pending a ruling on it's motion to dismiss. Docket 36. A district court has discretion to stay discovery "for good cause shown." Fed.R.Civ.P. 26(c). Good cause may exist when the party from whom discovery is sought demonstrates that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.* However, "the issuance of a stay is by no means automatic." *Spencer Trask Software & Info. Servs. v. RPost Int'l.,* 206 F.R.D. 367, 368 (S.D.N.Y.2002) (quotation omitted). Yet it "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broad. Co., Inc.* No. 3-04-CV-0652-R, 2004 WL 1144142, *1, 2004 U.S. Dist. LEXIS 25090, *2 (N.D.Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,* 901 F.2d 404, 436 (5th Cir.1990)).

According to DRMC, plaintiff's Second Amended Complaint fails to state a claim under the False Claims Act ("FCA") for multiple reasons, but primarily because violations of the Emergency Medical Treatment and Labor Act ("EMTALA") cannot be the basis of an FCA claim. Docket 35, p. 1-2. This is a threshold issue of law that apparently has not been decided by any court. As it happens, a lawsuit asserting FCA claims based on alleged EMTALA

1

violations is currently pending in the U.S. District Court for the Southern District of Mississippi, which has stayed discovery in that case pending a ruling on the defendant's motion to dismiss on grounds very similar to those relied upon by DRMC in the instant case. *Vanderlan v. Jackson HMA, LLC*, No. 3:15-cv-767-DPJ-FKB, 2017 WL 9360854 (S.D. Miss. Dec. 22, 2017). The authorities and reasons cited by the *Vanderlan* court for staying discovery in that case are applicable in the instant case as well, and the undersigned is persuaded that good cause exists to grant the requested stay.

DRMC's motion to dismiss will be decided based on the content of the complaint only, without regard to facts obtained in discovery, and the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery, which could be quite significant in this case. Given that defendant is a county-owned, charitable hospital, the need for extensive and expensive discovery at this stage of the litigation would be very burdensome in terms of expense and man power. A stay of discovery for the brief period of time the court considers the motion to dismiss may potentially prevent a waste of resources. The motion to dismiss and the response have been filed and the motion will soon be ripe, so the stay is not anticipated to be lengthy. Plaintiff will not be prejudiced by the stay as the court will consider only the Second Amended Complaint and the contents of the motion and briefs in ruling on the motion. Once the motion to dismiss is ruled upon, the court will permit discovery to proceed as appropriate.

Therefore, DRMC's motion to stay discovery is GRANTED, and the disclosure requirements and all discovery are stayed, and the case management conference is continued, pending a decision on DRMC's motion to dismiss. The parties are directed to notify the undersigned within seven days of a ruling on the motion to dismiss, and a telephonic case

management conference will be scheduled within 60 days of an order lifting the stay.

THIS, the 30th day of July, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE