UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES *ex rel.*
CANDI SIBLY

PLAINTIFF

v.                                                     Civil No. 4:17-cv-00053-GHD-RP

DELTA REGIONAL MEDICAL CENTER                          DEFENDANT

---

## ORDER REQUIRING GOVERNMENT'S RESPONSE

Relator Candi Sibley brings a *qui tam* False Claims Act action against Delta Regional Medical Center premised on violations of the Emergency Medical Treatment and Active Labor Act. *See* 31 U.S.C. § 3730(b). Within 60 days of a *qui tam* action being filed, the United States government has the ability to elect to intervene and conduct the case itself as a matter of right. *Id.* § 3730(b)(2). The United States further retains the right to intervene upon a showing of good cause. *Id.* § 3730(c)(3). Finally, even when the United States does not intervene, it "retains the unilateral power to dismiss an action 'notwithstanding the objections of the person." *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 (5th Cir. 2001) (en banc) (citing *Searcy v. Philips Electronics N. Am. Corp., et al.,* 117 F.3d 154 (5th Cir. 1997) (citing 31 U.S.C. § 3730(c)(2)(A))).

The United States has, so far, declined to intervene in this matter. *See* Notice of Election to Decline Intervention [13]. Pursuant to § 3730(b), the government requested that this Court "solicit the written consent of the United States before" dismissing or discontinuing this action in any way. Notice of Election at 1; 31 U.S.C. § 3730(b) ("The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.").

The Court has pending before it a motion by DRMC to dismiss this action [34]. The merits of the motion rest on an issue of first impression: Can EMTALA violations form the basis of a False Claims Act case?

A similar action, and a motion to dismissed premised on the same question, is currently pending in the Southern District of Mississippi. *United States ex rel. W. Blake Vanderlan,v. Jackson HMA, LLC*, No. 3:15-cv-00767-DPJ-FKB.[1] The Court ordered the parties, including the United States, to provide an update on their positions. In response, the United States said:

> The United States is currently in the process of evaluating whether to file a statement of interest or to seek dismissal of this case pursuant to 31 U.S.C. § 3730(c)(2)(A). Because the issues raised here impact not just this matter but similar matters in other districts, the United States wants to ensure that its anticipated filing is consistent with its position in other court districts. This process involves coordination with, and the approval of, Department of Justice officials in Washington, D.C.

Response to Order at 1, *United States ex rel. W. Blake Vanderlan,v. Jackson HMA, LLC*, No. 3:15-cv-00767-DPJ-FKB (September 5, 2018) ECF No. 73.

Given the open question of law presented in this case, the Court finds it prudent to ask the position of the United States in this matter. Accordingly, the Court ORDERS that within 40 days, the United States shall inform the Court whether it intends to seek dismissal under 31 U.S.C. § 3730(c)(2)(A) or file a statement of interest in this matter.

SO ORDERED, this the 25th day of September, 2018.

_____
SENIOR U.S. DISTRICT JUDGE

---

[1] As with the case before this Court, the United States initially elected not to intervene. *See* Notice of Election to Decline Intervention by United States, *United States ex rel. W. Blake Vanderlan,v. Jackson HMA, LLC*, No. 3:15-cv-00767-DPJ-FKB (August 31, 2017) ECF No. 23.