UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES *ex rel.*
CANDI SIBLEY                                                                 PLAINTIFF

v.                                                              Civil No. 4:17-cv-00053-GHD-RP

DELTA REGIONAL MEDICAL CENTER                                                DEFENDANT

## MEMORANDUM OPINION

The Court presently has before it a motion to suspend the briefing [64] on the United States' motion to dismiss in this matter.

Relator instituted this *qui tam* action against Defendant, alleging Defendant committed numerous EMTALA violations, and as such, Defendant fraudulently obtained Medicaid/Medicare reimbursements to which it was not entitled. Defendant moved to dismiss the complaint for failure to state a claim. The Court ordered the United States government to brief the Court on its position on the merits of Relator's claims. The Government responded by also filing a motion to dismiss most of Relator's claims pursuant to 31 U.S.C. § 3730(c)(2)(A).

The standard applied to the Government's motion to dismiss under § 3730(c)(2)(A) is an unresolved question of law in the Fifth Circuit. The Government asserts in its motion to dismiss that the Fifth Circuit would likely hold that the Government possesses unilateral power to dismiss *qui tam* suits, and therefore, this Court should dismiss Relator's case here. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753–54 (5th Cir. 2001) (dicta stating that "the government retains the unilateral power to dismiss an action notwithstanding the objections of the [relator]"). Alternatively, the Government assertes that even under a more deferential standard laid out in *U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139 (9th Cir. 1998), cert. denied, 525 U.S. 1067 (1999), the claims should be still dismissed. In *Sequioa Orange*, the Ninth

1

Circuit held that while the United States may not dismiss an action unilaterally, it may do so when dismissal has a rational relation to a valid government purpose. *Id.* at 1145. The Government claims that proceeding on Relator's claims would threaten to interfere with the Department of Health and Human Services enforcement process of EMTALA violations, that it would drain significant government resources, and that Relator failed to allege any viable false claims.

Relator responded with the present motion. Relator's counsel is also the counsel for relator in *United States ex rel. W Blake Vanderlan, v. Jackson HMA, LLC*, No. 3:15-cv-00767-DPJ-FKB, a separate, but similar, action in the Southern District of Mississippi. The United States has likewise filed a motion to dismiss in *Vanderlan*. The relator in *Vanderlan* has filed a motion to reopen discovery in that case to oppose the Government's motion. Relator here asks this Court to suspend briefing and ruling on the Government's motion to dismiss until the *Vanderlan* Court rules on the motion to reopen discovery in that case, because the Relator may seek similar relief in the case *sub judice*.

The Court finds this request without merit. This Court will not delay this case on the grounds that Relator's counsel may succeed in reopening discovery in an entirely different case at a different stage in litigation. The Court is further of the opinion that evidentiary discovery would not be warranted on the Government's motion to dismiss. Section 3730 provides that "[t]he Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). Relator's opportunity to respond to the government's motion constitutes an opportunity to be heard on the motion. *U.S. ex rel. Nicholson v. Spigelman*, No. 10 C 3361, 2011 WL 2683161, at *3 (N.D. Ill. July 8, 2011) (citing *Green v. Internal Revenue Serv.*, 2008 WL 5378120, at *2 (N.D.N.Y. Dec.

2

23, 2008); *United States ex rel. Pentagen Techs. Int'l Ltd. v. United States,* 2001 WL 770940, at *7 n. 13 (S.D.N.Y. July 10, 2011)). The *Nicholson* court, addressing a relator's argument that she was entitled to "an evidentiary hearing and discovery" in response to the Government's motion to dismiss noted that "Congress did not intend 'that evidentiary hearings be granted as a matter of right.'" *Id.* (quoting S. Rep. No. 99–345, at 26(1986)). Courts have further noted that when the Government asserts a *qui tam* action should be dismissed due to costs in proceeding with litigation, permitting discovery inquiries into the Government's motivation for dismissal frustrates "the very purpose[] behind the Government's motion to dismiss." *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 938 (10th Cir. 2005) (affirming district court's denial of discovery on Government's motion to dismiss *qui tam* action).

Accordingly, the motion to suspend the briefing schedule is denied. Relator shall file her response to the Government's motion to dismiss by January 14, 2019.

An order in accordance with this opinion shall issue.

This the 17th day of December, 2018.

SENIOR U.S. DISTRICT JUDGE