UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE UNITED STATES OF AMERICA *ex rel.*
CANDI SIBLEY                                                           PLAINTIFFS

v.                                                    Civil No. 4:17-cv-000053-GHD-RP

DELTA REGIONAL MEDICAL CENTER                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant Delta Regional Medical Center's motion to dismiss, Doc. 34, and motion to strike, Doc. 51, and Relator Candi Sibley's motion for leave to file excess pages, Doc. 53. For the reasons set forth below, the Court finds that the motion to dismiss should be granted on Count V of the Complaint, the motion to strike should be granted in part and denied in part, and the motion to dismiss should be granted.

**Factual and Procedural Background**

According to the complaint, Dr. Robert Corkern is the Emergency Department Medical Director at Delta Regional. Compl., Doc. 16 at 13, ¶ 52. In 2012, after being convicted in a medical kickback scheme, Corkern was placed on an excluded provider list, which prohibited him from billing the government for services provided to Medicaid patients. *Id.* at 14, ¶ 53. Corkern, however, continued to see Medicaid patients, and Delta Regional billed Medicaid by listing other providers in their health record whenever Corkern was the treating physician. *Id.* ¶ 55. The complaint also asserts that nurse practitioners were instructed that if they consulted Corkern on a patient, they were to falsify the medical records by listing a physician assistant instead. *Id.*

1

Relator Candi Sibley filed her complaint, alleging, among other things, that this practice violated the False Claims Act.[1] Delta Regional filed a motion to dismiss, arguing that Sibley's complaint fails to state a claim for relief.

## 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations made in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum*

---

[1] In her complaint, Sibley also asserted several other False Claims Act claims that involved alleged violations of the Emergency Medical Treatment and Labor Act. The Court previously dismissed those claims on a motion to dismiss filed by the United States.

*v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

I. **Motion to Strike and Motion for Leave to File Excess Pages**

In response to Delta Regional's motion to dismiss, Sibley filed a brief three pages over the thirty-five pages allowed by local rules. *See* L.U. Civ. R. 7(b)(5). Sibley also attached several documents not referenced in her complaint and asked this Court to treat Delta Regional's motion to dismiss as one for summary judgment. Delta Regional responded by filing a motion to strike the excess pages and evidence not referenced in the complaint, Doc. 51. Sibley then filed a motion for leave to file the excess pages. Doc. 53.

The motion to dismiss is fully briefed, and Sibley's response was only three pages over the page limit. Further, the vast majority of Sibley's brief has been mooted by the Court's order on the government's motion to dismiss. Thus, the Court does not find striking the excess pages to be warranted here. *See Thomas v. Firerock Prod., LLC*, No. 3:13-CV-00109-DMB-JMV, 2014 WL 12541627, at *1 (N.D. Miss. Oct. 14, 2014) ("[A] single filing, even if somewhat over the . . . page limit, is vastly preferable to a profligacy of motions—which . . . invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits.").

As to Delta Regional's motion to strike the evidence, the Court finds that relief is warranted. Courts accept extra-pleading materials and convert Rule 12 motions to Rule 56 motions when those materials are "likely to facilitate the disposition of the action" and "will enable a rational determination of a summary judgment motion." *Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 194 n. 3 (5th Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969)). Consideration of the material Sibley submitted will not facilitate the disposition of this action. Sibley seeks to do the opposite: she submits the extra-pleading material to alter the standard of review

and prevent the Court from disposing of this case. Accordingly, Sibley's motion for leave to file excess pages is granted. Delta Regional's motion to strike is denied with respect to the excess pages of Sibley's response and granted with respect to the evidence submitted by Sibley in support of her opposition brief that is neither contained nor referenced in her complaint. The Court will exclude that evidence from consideration of Delta Regional's motion to dismiss.

## II. Motion to Dismiss

The False Claims Act, in relevant part, imposes liability on anyone who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

31 U.S.C. § 3729(A)(1). To establish a violation of the False Claims Act, the plaintiff must show that "(1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the Government to pay out money or to forfeit moneys due (i.e. that involved a claim)." *U.S., ex rel. Jamison v. McKesson Corp.*, 784 F. Supp. 2d 664, 675 (N.D. Miss. 2011) (citing *United States ex rel. Longhi v. Lithium Power Tech, Inc.*, 575 F.3d 458, 467 (5th Cir. 2009)).

Because the False Claims Act is a fraud statute, plaintiffs pleading violations of it must comply with the particularity requirements of Rule 9. *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Thus, generally, the plaintiff must plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999), *abrogated on other grounds by U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 129 S. Ct. 2230, 173 L. Ed. 2d 1255 (2009). "The submission of a false

claim is the 'sine qua non of a False Claims Act violation.'" *Id.* (citing *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1328 (11th Cir. 2009)).

The Fifth Circuit has nonetheless said that in some instances, where the relator "cannot allege the details of an actually submitted false claim, [she] may nevertheless survive by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).

Delta Regional argues that Sibley fails to allege with the required particularity the details of a scheme involving Corkern, or any indicia that Delta Regional submitted false claims to the government in connection with that plan. For her part, Sibley seems to admit that without discovery she has no way of knowing to what extent Delta Regional billed Medicare or Medicaid for services Corkern provided. Pl.'s Resp. in Opp., Doc. 45 at 37.

*Grubbs* "does not absolve [the plaintiff] of the burden of otherwise sufficiently pleading the time, place, or identity details of the traditional standard, in order to effectuate Rule 9(b)'s function of fair notice and protection from frivolous suits." *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 895 (5th Cir. 2013) (citing *Grubbs*, 565 F.3d at 190). To succeed, the plaintiff still must "allege the details of a scheme with sufficient particularity." *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 372 (5th Cir. 2017).

For that reason, Sibley's complaint fails on the fraudulent billing claim. The complaint only vaguely asserts that Corkern "routinely" sees Medicaid patients and bills them using other providers' codes, "including but not limited to Kyle Campbell"[2], and it only vaguely asserts that "certain nurse practitioners" are instructed to create false records when Corkern

---

[2] Apparently, the complaint misidentifies an individual named "Kyle Christopher" as "Kyle Campbell." *See* Pl.'s Resp. in Opp., Doc. 45 at 36 fn. 55.

sees a Medicaid patient. What it does not allege are any details about when Corkern saw Medicaid patients or an actual instance when nurse practitioner recorded a false record.[3]

The facts the Fifth Circuit found enough in *Grubbs* are instructive here. There the plaintiff alleged the particular details of a meeting where defendants informed him of a scheme to submit Medicare and Medicaid claims for services they did not perform. *Grubbs*, 565 F.3d at 190. He also alleged the particular details of specific instances where hospital staff attempted to assist him in creating false records of physician visits that did not occur. *Id.* at 192. And finally, he alleged the particular details of instances where defendants recorded false entries for visits that did not happen. *Id.*

In contrast, Sibley alleges no single detail about any occasion where Corkern treated a Medicaid patient, or where that treatment was recorded as being provided by another individual. The shortage of facts surrounding the scheme is fatal to Sibley's claim.

## Conclusion

Sibley has not pleaded with particularity the details of a scheme perpetrated by Delta Regional to fraudulent bill Medicaid. She fails to meet her burden under Rule 9(b). For that reason, Delta Regional's motion to dismiss for failure to state a claim is granted, and Sibley's claim in Count V is dismissed.

An order in accordance with this opinion shall issue.

This, the 21st day of March 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

---

[3] Sibley did attach a patient record to her response, a patient record which she claims indicated that Corkern saw a Medicaid patient but billed to a different medical provider. Patient MXXX794 Record, Doc. 45-8. Sibley asserts that the record identifies Karen Fleming as the attending medical provider, but also shows that Corkern saw the patient. As stated earlier, the Court excludes from consideration this record, but the Court notes that nothing in either this record or the complaint indicates that this patient was a Medicaid beneficiary